UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **RUSSELL KLIPPEL,** *on behalf of himself and all others similarly situated,*<br><br>                                   *Plaintiff*<br><br>vs,<br><br>**PORTFOLIO RECOVERY ASSOCIATES LLC,**<br><br>**and**<br><br>**CATHERINE M HEDGEMAN, ESQ.,**<br><br>                                   *Defendants.* | 6:15-cv-1061 (MAD/TWD)<br><br>***COMPLAINT***<br><br>*Jury Trial Demanded Hereon* |

Russell Klippel, on behalf of himself and all others similarly situated, for his complaint alleges as follows:

### NATURE OF ACTION

1. This is an action to enforce the Fair Debt Collection Practice Act (FDCPA) 15 U.S.C. §1692 *et seq*, and New York General Business Law § 349.

2. In addition to generally prohibiting debt collectors from engaging in abusive, deceptive, or unfair debt-collection practices, the FDCPA contains a series of more specific prohibitions, many of which were adopted in response to specific, long-standing abuses in the collection industry.

3. One such specific prohibition is found at 1692i, which – addressing the problem of consumers being sued in distant fora -- requires that "[a] debt collector who files suit [does] so either where the consumer resides or where the underlying contract was

1

signed." See S. Rep. No. 95-382, at 5 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1699 (addressing the history of 1692i and the phenomenon of "forum abuse").

4. The statute also bars, *inter alia*, "the false representation of. . . the character. . . or legal status of any debt" (§ 1692e(2)), as well as taking or threatening to "take any action that cannot legally be taken) (§ 1692e(5)), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt [.]"§ 1692e(10).

5. The instant lawsuit seeks to vindicate the rights of New York consumers who – in violation of the FDCPA and New York law – have been victims of statements falsely alleging that there is a basis for venue in city courts when Defendants know or should know that no such basis exists.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction under 15 USC § 1692k(d) and 28 USC § 1331.

7. Declaratory relief is available per 28 U.S.C. §§ 2201 and 2202.

8. The Court has supplemental jurisdiction over state claims per 28 U.S.C. § 1367.

9. Venue is proper in this district per 28 U.S.C. § 1391, as the acts, omissions and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district because plaintiff lives in this district, defendant conducts business in this district and the injury occurred in this district.

## PARTIES

*Named Plaintiff*

10. At all relevant times, Plaintiff Russell Klippel has resided in the Village of Northville, Town of Northampton, Fulton County, New York State, within this district;

11. Plaintiff is a "consumer" as that term is defined in the FDCPA.

*Defendants*

12. Upon information and belief, at all relevant times, defendant Portfolio Recovery Associates LLC ("PRA"):

    a. is a Delaware limited liability partnership authorized to do business in New York, with a principal place of business at Norfolk, Virginia.

    b. Is a "debt collector" as that term is defined in the FDCPA;

    c. is in the business of buying defaulted consumer debt from others and collecting same by use of the mail, telephone, and the courts of New York and other means of interstate commerce;

    d. conducts business in this district.

    e. at all times relevant to this action, PRA directed, supervised, instigated, accepted or ratified the acts of Catherin Hedgeman.

13. Upon information and belief, at all relevant times, the defendant Catherine M. Hedgeman ("Hedgeman"):

    a. is a resident of Albany County, New York, within this District;

    b. is an attorney at law licensed to practice law in the State of New York;

    c. maintains an office for the practice of law at 915 Broadway, Albany, New York, under the name and style of "Law Firm of Catherine M. Hedgeman";

    d. is a "debt collector" as that term is defined in the FDCPA;

    e. is in the business of collecting defaulted consumer debt for others by use of the mail, telephone, and the courts of New York and other means of interstate commerce;

    f. At all times relevant to this acted under the direction, supervision or in concert with PRA and others named herein or acted in concert with them and instigated or perpetrated the acts complained of.

## NAMED PLAINTIFF'S EXPERIENCE

*The State Court Action*

14. On August 29, 2014, PRA sued plaintiff in the Johnstown City Court ("state court action").

15. The subject of the state court action was an alleged credit card debt.

16. Whether or not the alleged credit card debt was really plaintiff's, it is obligation of a consumer to pay money arising out of a transaction in which the money, property, or services are primarily for personal, family, or household purposes, hence a "debt" as that term is defined by the FDCPA.

17. A true copy of the summons and complaint PRA filed in the state court action is attached to this as Exhibit 1.

18. The Johnstown City Court derives its authority from Article VI, Section 17 of the New York State Constitution.

19. According to the New York State Constitution, city courts outside the city of New York have only those powers and jurisdiction given to them by the State Legislature.

20. These powers and jurisdiction are found in the New York State Uniform City Court Act (UCCA).

21. As such, the Johnstown City Court is a court of limited jurisdiction.

22. Geography is one of those limitations. UCCA § 213 states in pertinent part:

> (a) In an action described in § 202,[1] either a plaintiff or a Defendant *must*:
>   1. *be a resident of the city or of a town contiguous to such city, provided that such town is*
>   (i) within the same county, and
>   *(ii) <u>contiguous</u> to the city by land*, and
>   (iii) not within either Nassau or Westchester counties; or
>   2. *have a regular employment within the city; or*
>   3. *have a place for the regular transaction of business within the city.*
>   (b) A corporation, association or partnership shall, for the purposes of this section, be deemed a resident of the city if it has an office or agency or regularly transacts business in the city…
>   (d) *The requirements of this section* shall not be deemed jurisdictional; they shall be deemed waived by the plaintiff upon his commencing an action in the court, and they *shall be deemed waived by the defendant unless he raises the objection by motion or in his responsive pleading* as prescribed in §1002 of this act. *Notwithstanding waiver by the parties, the court may, on its own initiative at any time, dismiss an action which does not satisfy the requirements of this section.* Any dismissal under this section shall entitle the parties to the benefit of CPLR Section 205, relating to an extension of time to commence a new action (*emphasis added*).

23. In other words, to be properly filed in the Johnstown City Court, one of the parties must live or work within the City of Johnstown, or live in an Fulton County town that is contiguous by land to the City, i.e. the Town of Johnstown or the City of Gloversville. See <u>Exhibit 2</u> (a map of Fulton County).

---

[1] UCCA § 202 describes an action for the recovery of money.

24. One advantage to a collector to using a City Court as opposed to Supreme Court is cost: it costs $140.00 to sue and bring a summary judgment motion in City Court whereas it costs $350.00 to do so in Supreme Court.

*The State Court Summons and Complaint*

25. PRA, in the summons, states Klippel was subject to the Court's jurisdiction per UCCA § 213 as set forth at paragraph 16 here by stating "BASIS FOR VENUE: Defendant resides in the jurisdiction of CITY OF JOHNSTOWN" (emphasis in original).

26. This statement is false.

27. Plaintiff does not live in the City of Johnstown or a town contiguous by land to it.

28. Plaintiff lives in the Town of Northampton, Village of Northville.

29. Northampton is in Fulton County, but it is separated from Johnstown by the Towns of Johnstown and Mayfield.

30. Defendants knew that Plaintiff lived in Northville (alleging same later in the summons and also in the complaint) and thus knew or should have known that plaintiff did not live "in the jurisdiction of the City of Johnstown" as it falsely alleged under the header titled "BASIS FOR VENUE" (emphasis in original).

31. Indeed, defendants each knew or had reason to know that the Johnstown City Court Clerk would not accept the complaint for filing without this misstatement.

32. PRA did not allege that Klippel signed a contract or other document evidencing a debt to "Citibank NA/The Home Depot*"* in the City of Johnstown.

33. In fact, he did not.

34. Klippel has not and does not work or have a place for business in the City of Johnstown, New York, nor was that alleged in the state court action.

### *Hedgeman's Role*

35. The summons and complaint contained Hedgeman's signature as counsel for PRA.
36. By signing a summons and complaint, Hedgeman certifies that, to the best of her knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the paper or the contentions therein are not frivolous as defined in 22 NYCRR 130-1.1(c) . A statement is frivolous under the court rules if, *inter alia*, it asserts material factual statements that are false.  22 NYCRR §§ 130-1.1(a) and (c).
37. Contrary to the certification, Hedgeman alleged that Mr. Klippel resided within the jurisdiction of City of Johnstown in the summons to establish the Johnstown City Court's jurisdiction over him, when – being in possession of his actual address – she knew or should have known that the statement was false.
*38.* Indeed, all of the facts in possession of Hedgman at the time of filing indicated that the action could not be properly filed in Johnstown City Court.

### *Klippel's Answer and Motion*

*39.* PRA had Klippel   served at his home in the Town of Northampton, on or after August 29, 2014.
40. As a result, plaintiff hired a lawyer and answered the complaint. Among his  defenses was that the Johnstown City Court lacked jurisdiction pursuant to the Uniform City Court Act §§ 202 and 213 as he was  neither a resident of the City of Johnstown  or of

a town contiguous by land to the City nor did she have employment or a business place of business in such City.

41. Later, on February 10, 2015, Johnstown City Court granted Klippel's motion to dismiss the state court action for lack of jurisdiction.

42. A true copy of the Order and Decision of the Johnstown City Court is attached to this as <u>Exhibit 3</u>.

*Defendants' Persistent Misconduct*

43. Defendants could have initially sued plaintiff in the Supreme Court for Fulton County, a court of general jurisdiction, but they did not.

44. Defendants could have initially sued plaintiff in the Northampton Town Court, where he lives, but they did not.

45. Defendants have a practice and pattern of suing consumer defendants in city courts without regard to whether such actions are properly filed there under UCCA ¶213, as they expect no opposition or opposition by a *pro se* defendant who would be exceedingly unlikely to know and understand the import of UCCA ¶213 and thus will virtually always waive any defense thereto.

46. According to ecourts, PRA, with Hedgeman as its listed attorney, has 3930 recent cases in the City Courts in this District.

47. Based on a sampling of these actions, it appears that Hedgeman, on behalf of PRA, has a frequent, persistent and intentional practice of falsely alleging a consumer's residence within the jurisdiction of city courts in the summons for purpose of evading UCCA 213 and proceeding in improper fora.

## CLASS ALLEGATIONS

48. The plaintiff, Russell Klippel, brings this action on behalf not only of himself, but also on behalf of a class of all other persons similarly situated, pursuant to Fed. R. Civ. P. Rule 23.

49. Plaintiffs seek to represent the following class and two (2) subclasses defined as follows:

   a. The Class:

      a. Natural persons;

      b. who were sued by PRA;

      c. in a state court consumer collection action;

      d. brought in the Northern District of New York;

      e. in a city court in this District;

      f. in an action in which Hedgeman represented PRA;

      g. in which a summons misrepresented the state court's jurisdiction over the defendant by stating in the summons, in relevant part: "BASIS FOR VENUE: Defendant resides in jurisdiction of CITY OF_____"; and

      h. in which the address of the state court defendant's residence is listed in the summons and/or complaint, and is outside the jurisdiction of the relevant city court.

        b.      The FDCPA Subclass: all those who meet the class criteria set forth above at paras. 49 and where, in addition, the Summons was filed within one year of the initiation of the instant class action.

        c.      The NYGBL § 349 Subclass: all those who meet the Class definition set forth above at paras. 49 and where, in addition, the Summons was filed within three years of the initiation of the instant class action.

50. All members of the Class are also members of one or both of the two subclasses.

51. Excluded from the Class and subclasses are:

        a. anyone employed by counsel for Plaintiff in this action; and

        b. any Judge to whom this case is assigned, as well as his or her immediate family and staff.

*Numerosity*:

52. The summons and complaint at issue in this case is a boilerplate document whose language does not materially vary from one action to the next, and which, upon information and belief, was sent by Defendants to thousands of consumers.

53. The Class and subclasses include hundreds, if not thousands of members and are sufficiently numerous that joinder of all members is impractical.

54. Although the exact number of Class members and their addresses are unknown to Plaintiffs, they are readily ascertainable from Plaintiffs' records.

*Existence And Predominance Of Common Questions*:

55. Common questions of law and fact exist as to Plaintiffs and all members of the Class and predominate over questions affecting only individual Class members.

56. These common questions include:

    a. whether the summonses at issue contained false statements regarding venue;

    b. whether Defendants engaged in unfair and/or deceptive debt collection practices in violation of the FDCPA and/or GBL § 349;

    c. whether Plaintiff and the other Class members are entitled to statutory damages, costs and attorney's fees under the FDCPA;

    d. whether Plaintiff and the other Class members are entitled to damages of $ 50 each, costs and attorney's fees under GBL § 349.

*Typicality:*

57. Plaintiffs' claims are typical of the claims of the Class because, among other things, Plaintiff is:

    a. A natural person;

    b. sued by PRA;

    c. in a state court consumer collection action;

    d. brought in the Northern District of New York;

    e. in a city court in this District;

    f. in an action in which Hedgeman represented PRA;

    g. in which a summons misrepresented the state court 's jurisdiction over the defendant by stating in the summons , in relevant part:  "BASIS FOR VENUE: Defendant resides in jurisdiction of CITY OF _____ "; and

11

       h.   in which, residential address is listed in the summons and/or complaint and is outside the jurisdiction of the relevant city court.

58. Thus, plaintiff's claims – based on the same boilerplate misstatements of law as the claims of all other class members -- are typical of the claims of the class.

59. Put differently, all of the claims are based on the same factual and legal theories and the plaintiff, together with each class member, have been subjected the same false and deceptive communications and acts by Defendants.

*Adequacy:*

60. Plaintiff will fairly and adequately represent the interests of the class members. Her interests do not conflict with the interests of the members of the Class he seeks to represent.

61. Plaintiff has retained counsel experienced in prosecuting class actions and in consumer protection matters. There is no reason why this plaintiff and his counsel will not vigorously pursue this matter.

*Superiority:*

62. The class action is superior to other available means for the fair and efficient adjudication of the claims at issue herein.

63. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct.

64. Further, it would be virtually impossible for the members of the Class effectively to individually redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, the court system could not.

65. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the complex legal and factual issues of the case.

66. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

67. In the alternative, the Class may be certified because:

    (a) the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for Defendants;

    (b) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

    (c) Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

## COUNT I
### *(Violation of the Fair Debt Collection Practices Act)*

68. Plaintiff hereby restates, realleges, and incorporates by reference all foregoing paragraphs.

69. Defendants' attempt to collect the alleged debt by falsely stating plaintiff was subject to a particular city court's jurisdiction when they knew or had reason to know he was not, violates 15 USC §§ 1692e, 1692e(5); 1692e(10), 1692f and 1692f(1).

70. Defendants' actions to collect the alleged debt by suing plaintiff in a judicial district (*i.e.*, the Johnstown City Court in the case of Mr. Klippel) where he does not live nor where the Defendant had any basis to believe the alleged credit card contract sued upon was signed violates 15 USC §§ 1692i, §1692e, 1692e(5), 1692e(10); 1692f and 1692f(1).

71. Defendants' actions to collect the alleged debt by suing plaintiff in a forum barred by UCCA ¶213 violates 15 USC §§ 1692i, §1692e, 1692e(5), 1692e(10); 1692f and 1692f(1).

## COUNT 2
### (*New York State General Business Law § 349)*

72. Plaintiff repeats and realleges the allegations of the preceding paragraphs as fully as set forth herein.

73. Each of the deceptive acts and practices set forth above, including but not limited to each deceptive act and practice set forth in Count 1 was committed in the conduct of business, trade, commerce or the furnishing of a service in this state and constituted a violation of § 349 independent of whether it also constituted a violation of any other law.

74. Each of these actions was consumer oriented and involves misleading conduct that is recurring and has a broad impact upon the public.

75. Specifically, and without limitation, the following acts are false and deceptive: filing actions in venues it knew or should have known to be improper pursuant to state and federal law in order to lower its own filing fees; and falsely and willfully stating a basis of venue that Defendants knew or should have known to be untrue.

76. This false and deceptive conduct impairs the rights of consumers, forcing them to defend suits in improper fora.

77. Plaintiff and all others similarly situated have been damaged thereby.

78. As a result of Defendant's violations of § 349, Plaintiff and each other member of the NYGBL§ 349 subclass are entitled to declaratory judgment; an injunction against the offending conduct, damages of $50 each, costs and attorneys' fees.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

**WHEREFORE** plaintiff and members of the class respectfully request that this Court award:

A. An order certifying this case as a class action under Fed. R. Civ. P. 23, naming Plaintiff as Class Representative, and appointing her attorneys as Class Counsel;
B. A judgment declaring that Defendant has committed the violations of law alleged in this action;
C. Statutory damages pursuant to the FDCPA;
D. $50 per class member pursuant to NYGBL § 349;
E. Injunction of the offending conduct pursuant to NYGBL § 349;
F. An order awarding disbursements, costs, and attorneys' fees pursuant to the FDCPA and NYGBL § 349; and

    G.  Such other and further relief that may be just and proper.


DATED:


*s/ Anthony J. Pietrafesa*
ANTHONY J PIETRAFESA ESQ. (102368)
721 University Building
120 East Washington Street
Syracuse NY 13202
T. 518.218.0851
F. 518.514.1241
ajp@ajp1law.com


*s/ Daniel A. Schlanger*
DANIEL A. SCHLANGER, ESQ.
Schlanger & Schlanger, LLP
343 Manville Road
Pleasantville NY 10570
T.  914.946.1981, ext. 101
F.  914.946.2930
daniel.schlanger@schlangerlegal.com

*Attorneys for Plaintiff*